In the Matter of the Judicial Settlement of the Accounts of HENRY JONES, Executor.

*(Surrogate's Court, Westchester County, Filed January, 1893.)*

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—CLAIM BY EXECUTOR AGAINST ESTATE.

On the judicial settlement of the accounts of an executor or administrator he may prove any debt due to him from the decedent, but not one due to himself and others.

Judicial settlement of accounts.

F. T. Lee, for executor; W. Thompson, for contestants.

COFFIN, S.—The executor claims a balance of account of $2,000 against the deceased, growing out of dealings and transactions between the latter and the copartnership firm of Jones, Hall & Co. That firm was composed of Henry Jones, the executor, Thomas Hall and William Edgar. The other members of the firm are interested in this claim. It is therefore a claim of the firm, and not of the executor, and is contested by the legatees, Mrs. Martin and Mrs. Gage. Much of the evidence taken relates to items of the account resulting in the balance claimed.

Nothing is better settled than that this court can try and determine the disputed claim of an executor or administrator on his accounting, and that it cannot so try and determine the disputed claims of other creditors. In the case of Shakespeare v. Markham, 72 N. Y. 400, it was held, before the adoption of the eighteenth chapter of the Code, under 2 Rev. Stat. 88, section 33, that "this section must necessarily refer to all claims in which an executor is interested, and the circumstance that he is jointly interested in a demand, or owns a portion of that in which he has an interest by assignment, does not affect the authority of the surrogate to adjudicate in regard to it." There he did own a portion of the claim, and had paid the other joint owners their shares previous to the accounting, and thus became subrogated to their rights, and was regarded as their assignee. Hence it would seem that the dictum "that where he is jointly interested in a demand" the surrogate has jurisdiction to adjudicate it may justly be regarded as *obiter*. I have great respect for the learning of the able jurist who delivered the opinion in that case, and have grave doubts as to whether he considered this immaterial point with the accustomed acumen displayed by him upon any material matter. Indeed, it is plain that his attention was given solely to the facts of that case upon this point, for he says: "As he, the executor, was entitled

to have his interest determined, it does not deprive him of that right, because he has procured a transfer of other rights." And again, in closing, upon this branch of the case, he says: "I am unable to discover any reason why the surrogate should not try and determine the question as to the claim of the appellant." Let us see into what difficulties we might be led by following the dictum referred to. A surrogate can only decree the payment to an executor of what he may find due to him. Now, in this case, about $2,000 is claimed to be due from the deceased to three persons composing the firm; one of them being the executor, and the others mere creditors. Shall the decree award the whole sum to the executor, to the exclusion of the other members of the firm, or shall he decree an equal division among the three? But they may not be equally interested, and may differ among themselves as to their respective rights. Must this court then hear and adjudicate their respective interests, and so assume burdens that do not properly belong to it, and over which no statute gives it jurisdiction? The Revised Statutes, *supra,* provide that "no part of the property of the deceased shall be retained by an executor or administrator in satisfaction of his debt or claim until it shall have been proved to, and allowed by, the surrogate." The provision of the Code, section 2739, leaving the above section unrepealed, is that "upon a judicial settlement of the account of an executor or administrator he may prove any debt owing to him by the decedent. Where a contest arises between the accounting party and any of the other parties respecting any property alleged to belong to the estate, but to which the accounting party lays claim, or respecting a debt alleged to be due by the accounting party to the decedent, or by the decedent to the accounting party, the contest must be tried and determined in the same manner as any other issue arising in the Surrogate's Court." These provisions clearly contemplate a debt of which the executor or administrator is sole owner, or solely owes, and, if the former, when established, must be followed by a decree directing the payment or allowance thereof to him, and not to him and others.

Had Hall and Edgar assigned their interest to the executor before these proceedings were commenced, then the case would have fallen within the principle decided in Shakespeare v. Markham, 72 N. Y. 400.   Surrogate Rollins, in the case of *In re* Eisner, 5 Dem. 383, recognized, without much apparent consideration, the validity of the dictum in the case above criticized. as applicable to every case where a claim of a firm of which the executor is a member is involved.   To this I find myself unable to yield assent.   It will not do .to say there is no other mode provided by which such a claim may be determined. The doors of equitable jurisdiction of superior courts are wide enough to admit, and then entertain and adjudicate, such a claim.   But the necessity of a resort to such a court may be readily obviated.   The executor may pay the firm (he would not be likely to dispute its claim) and, on filing a voucher therefor, ask credit for the amount on the accounting.   He will not thus violate the statute, which forbids him to retain property of the estate in satisfaction of his debt, and on such accounting any interested party may question the propriety of the act of payment.   He may show, for instance, that the claim of the firm was barred by the statute of limitations, or that the amount paid was more than was actually due.   The surrogate will not thus be trying what is known to the statute as a "disputed claim," which is one disputed by the executor, but simply testing his act in paying an alleged debt of the deceased, which is claimed not to be a proper charge against the estate.   The statute, as is well known, allows the executor to prove before the surrogate a debt due to him.   This is not a debt due to him, and it is not an incident of such power, which the surrogate may exercise, to allow the proving of a debt due to him and others.   That would be to exercise a chief, and not an incidental, power.

The objection of the contestants is, therefore, sustained.